UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JULIO ELLIS and KIRKPATRICK ELLISON,

                            PLAINTIFFS,        **AMENDED COMPLAINT**

             -AGAINST-                          17-CV-646

NEW YORK CITY, POLICE OFFICER JOHN
WILLIAMS, and POLICE OFFICER TAHIR FAHAD,
individually, and in their capacity as members of the New
York City Police Department,

                            DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiffs seeks relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 1, 2016, in which officers of the New York City Police Department acting under color of state law, intentionally and willfully subjected Plaintiffs to *inter alia* false arrest and excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Mr. Julio Ellis ("Mr. Ellis") is a United States citizen and at all times here relevant resided at 686 Cleveland Street, Apt. 2, Brooklyn, NY 11208.

7. Plaintiff Mr. Kirkpatrick Ellison ("Mr. Ellison") is a United States citizen and at all times here relevant resided at 4812 Murdoch Avenue, Bronx, NY 10470.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Police Officer John Williams ("PO Williams") and Police Officer Tahir Fahad ("PO Fahad") are sued in their individual and professional capacities.

10. At all times mentioned, Defendants were acting under color of state law under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Ellison and Mr. Ellis are both citizens of the United States and work as union carpenters.

12. On or about September 1, 2016, at approximately 6:45 pm, Mr. Ellison and Mr. Ellis were inside Times Square subway station.

13. Mr. Ellison and Mr. Ellis were accompanied by their friend Mr. Louis Fevola.

14. Mr. Ellison, Mr. Ellis, and Mr. Fevola had been attending ongoing education at the Union Brotherhood Technical College and were on their way to visit Mr. Fevola's grandmother in hospital.

15. Mr. Ellison and Mr. Ellis were standing on the train platform when they were approached by PO Williams and PO Fahad.

16. PO Williams told Mr. Ellis that he was talking too loudly.

17. Mr. Ellis went to board the train and PO Williams grabbed him by the arm and pulled him back onto the platform.

18. PO Williams asked Mr. Ellis for identification.

19. Mr. Ellis gave PO Williams identification.

20. PO Williams then instructed PO Fahad to arrest Mr. Ellis.

21. PO Fahad grabbed Mr. Ellis and handcuffed him behind his back.

22. Mr. Ellison asked the officers why they were arresting Mr. Ellis.

23. PO Williams responded by grabbing Mr. Ellison and slamming him against a metal gate, causing great pain to Mr. Ellison's shoulder.

24. PO Williams attempted to handcuff Mr. Ellison.

25. Mr. Ellison put his hands behind his back, but PO Williams was unable to attach the handcuffs because Mr. Ellison was wearing a backpack.

26. PO Williams then pushed Mr. Ellison into the same gate, before slamming him to the floor headfirst.

27. As a result, Mr. Ellison started to bleed from his head.

28. PO Fahad then took Mr. Ellis to the ground.

29. Mr. Ellis had recently undergone surgery on his right ankle.

30. PO Fahad's actions caused Mr. Ellis to suffer severe pain in his right ankle.

31. Mr. Ellis was taken by ambulance to NYU Medical center as a result of the pain and swelling in his right ankle.

32. Mr. Ellison was taken to the 58th Precinct and was processed.

33. Mr. Ellison's shoulder was extremely painful and eventually he was taken to Mount Sinai Hospital to receive treatment.

34. After several hours, Mr. Ellison was taken back to the 58th Precinct and was held overnight.

35. Mr. Ellis was also taken to the 58th Precinct and held overnight.

36. At approximately 8:00 am on September 2, 2016, Mr. Ellison and Mr. Ellis were transferred to Central Bookings.

37. After several hours, Mr. Ellison and Mr. Ellis were arraigned and released.

38. Mr. Ellis was charged with three counts of Disorderly Conduct.

39. Mr. Ellison was charged with OGA, Resisting Arrest, and Criminal Possession of a Knife.

40. In the Criminal Court Complaint PO Williams stated that he took a knife with a blade greater than four inches from Mr. Ellison's backpack.

41. Mr. Ellison had a knife in his backpack for his work as a carpenter. The blade on this knife was shorter than four inches.

42. Mr. Ellison attended court on or about November 2, 2016, and accepted an Adjournment in Contemplation of Dismissal.

43. Mr. Ellis had to attend court on numerous occasions. Eventually all charges were dismissed on or about December 14, 2016.

44. Mr. Ellison and Mr. Ellis continue to feel traumatized by the events of September 2016, and are wary and fearful when they see police officers.

45. Mr. Ellison and Mr. Ellis take efforts to avoid police officers when in public.

46. Mr. Ellison suffered physical injuries as a result of this incident, including *inter alia,* a torn rotator cuff in his left shoulder; right knee pain; and an abrasion and a laceration to his head.

47. Mr. Ellis suffered physical injuries as a result of this incident, including *inter alia,* swelling, pain, and aggravation to his right ankle.

48. Mr. Ellison and Mr. Ellis suffered following the incident and feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

49. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

50. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

51. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiffs.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

52. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

54. Defendants have deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiffs were falsely arrested by Defendants.

55. Defendants unreasonably and unjustifiably confined Plaintiffs.

56. Plaintiffs were aware of, and did not consent to, their confinement.

57. The confinement was not privileged.

58. Plaintiffs have been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

59. Plaintiff Mr. Ellis repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendants have deprived Plaintiff Mr. Ellis of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff Mr. Ellis under 42 USC 1983.

61. Defendants have deprived Plaintiff Mr. Ellis of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the

United States Constitution, in that Plaintiff Mr. Ellis was maliciously prosecuted by Defendants.

62. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiff Mr. Ellis, the proceedings terminated in favor of Plaintiff Mr. Ellis, and in that the actions were commenced and continued intentionally and with malice and deliberate indifference to Plaintiff Mr. Ellis' rights.

63. Plaintiff Mr. Ellis has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

64. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

65. Defendants have deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

66. Defendants have deprived Plaintiffs of their right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

67. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiffs suffering a deprivation of liberty and a violation of their rights.

68. Plaintiffs have been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this

## FIFTH CAUSE OF ACTION

(Failure to Intervene)

69. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

70. Defendant PO Williams violated Plaintiffs' Fourth Amendment rights without legal justification.

71. Defendant PO Fahad knew, or should have known, that PO Williams did not have legal justification for his actions.

72. Defendant PO Fahad failed to intervene to prevent PO Williams from violating Plaintiffs' rights.

73. Defendant PO Fahad had sufficient time to intercede and had the capability to prevent PO Williams from violating Plaintiffs' Fourth Amendment rights.

74. Plaintiffs have been damaged a result of Defendants actions in an amount believed to equal or exceed the jurisdictional limit of this court

## JURY DEMAND

75. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiffs in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court, for each of Plaintiffs' causes of action;

Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 4, 2017

By: _____/s/_____
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075