UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

KIRKPATRICK ELLISON,

                                                        Plaintiff,

-against-

NEW YORK CITY, POLICE OFFICER JOHN WILLIAMS, and POLICE OFFICER FAHAD TAHIR, individually, and in their capacity as members of the New York City Police Department,

                                                        Defendants.

**17-CV-646 (JMF)**

**ANSWER TO AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

-----------------------------------------------------------------------------x

        Defendants New York City ("City") and Police Officer John Williams ("PO Williams") and Police Officer Fahad Tahir (collectively "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to plaintiff's[1] amended complaint, respectfully allege, upon information and belief, as follows:

## PRELIMINARY STATEMENT

        1. Defendants deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Defendants deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to proceed as stated therein.

        3. Defendants deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to seek relief as stated therein.

---

[1] On October 16, 2017, Plaintiff Julio Ellis ("Mr. Ellis") filed a Notice of Acceptance of Defendants' Rule 68 Offer of Judgment. See Docket Entry No. 17. The Court entered an Order of Judgment on October 17, 2017 in Mr. Ellis's favor. See Docket Entry No. 18. Plaintiff Julio Ellis was terminated as a party the same day.

## JURISDICTION

4. Defendants deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Defendants deny the allegations set forth in paragraph "5" of the amended complaint, except admit that plaintiff purports that venue is proper as stated therein.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the amended complaint.

8. Defendants admit the allegations set forth in paragraph "8" of the amended complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the amended complaint, except admit that plaintiffs purport to proceed as stated therein.

10. Paragraph "10" of the amended complaint is not an averment of fact; no response is required.

## FACTUAL ALLEGATIONS

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the amended complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

15. Defendants deny the allegations set forth in paragraph "15" of the amended complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the amended complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the amended complaint.

18. Defendants admit the allegations set forth in paragraph "18" of the amended complaint.

19. Defendants admit the allegations set forth in paragraph "19" of the amended complaint.

20. Defendants deny the allegations set forth in paragraph "20" of the amended complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the amended complaint.

22. Defendants admit the allegations set forth in paragraph "22" of the amended complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the amended complaint.

24. Defendants admit the allegations set forth in paragraph "24" of the amended complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the amended complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the amended complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the amended complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the amended complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the amended complaint.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the amended complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the amended complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the amended complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the amended complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the amended complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the amended complaint.

38. Defendants admit the allegations set forth in paragraph "38" of the amended complaint.

39. Defendants admit the allegations set forth in paragraph "39" of the amended complaint.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the amended complaint, except respectfully refer to the Criminal Court Complaint for an accurate recitation therein.

41. Defendants deny the allegations set forth in paragraph "41" of the amended complaint.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the amended complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the amended complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the amended complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the amended complaint.

48. Defendants deny the allegations set forth in paragraph "48" of the amended complaint.

FIRST CAUSE OF ACTION

49. In response to the allegations set forth in paragraph "49" of the amended complaint, Defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

50. Defendants deny the allegations set forth in paragraph "50" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

51. Defendants deny the allegations set forth in paragraph "51" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

SECOND CAUSE OF ACTION

52. In response to the allegations set forth in paragraph "52" of the amended complaint, Defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

53. Defendants deny the allegations set forth in paragraph "53" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17,

2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

54. Defendants deny the allegations set forth in paragraph "54" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

55. Defendants deny the allegations set forth in paragraph "55" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

57. Defendants deny the allegations set forth in paragraph "57" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

58. Defendants deny the allegations set forth in paragraph "58" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

## THIRD CAUSE OF ACTION

59. In response to the allegations set forth in paragraph "59" of the amended complaint, Defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

60. Defendants deny the allegations set forth in paragraph "60" of the amended complaint, and further state that this cause of action is moot as Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

61. Defendants deny the allegations set forth in paragraph "61" of the amended complaint, and further state that this cause of action is moot as Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

62. Defendants deny the allegations set forth in paragraph "62" of the amended complaint, and further state that this cause of action is moot as Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

63. Defendants deny the allegations set forth in paragraph "63" of the amended complaint, and further state that this cause of action is moot as Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

## FOURTH CAUSE OF ACTION

64. In response to the allegations set forth in paragraph "64" of the amended complaint, Defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

65. Defendants deny the allegations set forth in paragraph "65" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

66. Defendants deny the allegations set forth in paragraph "66" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

67. Defendants deny the allegations set forth in paragraph "67" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

68. Defendants deny the allegations set forth in paragraph "68" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. See Docket Entry Nos. 17 & 18.

## FIFTH CAUSE OF ACTION

69. In response to the allegations set forth in paragraph "69" of the amended complaint, Defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

70. Defendants deny the allegations set forth in paragraph "70" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. <u>See</u> Docket Entry Nos. 17 & 18.

71. Defendants deny the allegations set forth in paragraph "71" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. <u>See</u> Docket Entry Nos. 17 & 18.

72. Defendants deny the allegations set forth in paragraph "72" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. <u>See</u> Docket Entry Nos. 17 & 18.

73. Defendants deny the allegations set forth in paragraph "73" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. <u>See</u> Docket Entry Nos. 17 & 18.

74. Defendants deny the allegations set forth in paragraph "74" of the amended complaint, and further state that Mr. Ellis was terminated as a party in this action on October 17, 2017 after he notified the Court that he accepted Defendants' Rule 68 Offer of Judgment. <u>See</u> Docket Entry Nos. 17 & 18.

## JURY DEMAND

75. Paragraph "75" of the amended complaint is a jury demand and not an averment of fact; no response is required.

## WHEREFORE CLAUSE

The Wherefore Clause and all of its subparts are not averments of fact; no response is required.

## FIRST AFFIRMATIVE DEFENSE

76. The amended complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

77. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## THIRD AFFIRMATIVE DEFENSE

78. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE

79. Defendant Williams and Tahir have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

80. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## SIXTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## NINTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

85. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

## ELEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff provoked the incident.

## TWELFTH AFFIRMATIVE DEFENSE

87. Plaintiff may have failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

88. There was probable cause for plaintiff's arrest and detention.

**WHEREFORE**, Defendants request judgment dismissing the amended complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 23, 2017

                      ZACHARY W. CARTER
                      Corporation Counsel of the City of New York
                        *Attorney for Defendants City of New York and Police Officer John Williams and Police Officer Fahad Tahir*

By:           /s/
       Suzanne E. Aribakan
       *Senior Counsel*
       Special Federal Litigation Division
       100 Church Street
       New York, New York 10007
       Tel: 212-356-2386
       Fax: 212-356-1148

To: **Via U.S. Mail**
     Malcolm Anderson, Esq.
     *Attorney for Plaintiff*
     PetersonDelleCave LLP
     233 Broadway, Suite 1800
     New York, New York 10279
     Tel: (212) 240-9075

**17-CV-646 (JMF)**

| |
|---|
| **UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK** |
| KIRKPATRICK ELLISON,<br><br>                             Plaintiff,<br><br>-against-<br><br>NEW YORK CITY, POLICE OFFICER JOHN WILLIAMS, and POLICE OFFICER FAHAD TAHIR, individually, and in their capacity as members of the New York City Police Department,<br><br>                             Defendants. |
| **ANSWER** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and Police Officer John Williams and Police Officer Fahad Tahir*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel: Suzanne E. Aribakan*<br>*Tel: (212) 356-2386* |

> *Due and timely service is hereby admitted.*
>
> *New York, New York*
>
> *Suzanne E. Aribakan, Esq.*
>
> *Attorney for Defendants*